## McBride v. McClure.

1. *Contracts—Silence Warrants the Conclusion of an Acceptance.*— A heating furnace was put into a dwelling house, with the understanding that if it did not work satisfactorily, to notify the person putting it in and he would correct it. The owner of the house used the furnace through the cold weather of January and February, without com-

plaint, until the seventh day of March, when he was requested to pay for it. *It was held* that the circumstances warranted the conclusion that the furnace was accepted.

Memorandum.—Assumpsit for goods sold.    Judgment for plaintiff. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.    Heard in this court at the May term, 1893, and affirmed.    Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

BROWNE & AYERS, attorneys for appellant.

SNYDER, STEAD & ELDREDGE, attorneys for appellee.

OPINION OF THE COURT, HARKER, P. J.

This was a suit to recover the price of a house heating furnace, placed in the dwelling of appellant by appellee. The defense interposed was that the furnace did not perform its work satisfactorily and did not furnish sufficient heat to warm appellant's house, as it was agreed by appellee that it should. There was a recovery for $170. Appellant appealed from the judgment, and now asks a reversal because the court refused proper evidence offered by him, gave erroneous instructions for the plaintiff, refused proper instructions asked by the defendant, and because the verdict is against the evidence.

The evidence was confined almost entirely to the testimony of the parties. As to the terms of the contract and the amount of heat it was agreed the furnace should supply, there was a direct conflict between them. Appellant testified that the furnace was warranted to heat his whole house, except the kitchen and an attic. Appellee testified that the furnace was not warranted to heat the whole house, but that it was the agreement that in cold weather appellant was to shut off the front parlor, hall and two bedrooms. The evidence clearly shows that the furnace had not the power to heat the entire house in extremely cold weather. The jury adopted the contention of appellee, and we are not prepared

to say they were wrong. With the parties before them, their opportunities for judging of their credibility as witnesses were superior to ours.

The furnace was set up and completed on the 9th of January, 1892. The pipes had been previously put in by a tinner. Appellee then told appellant, that if anything occurred in the working of the furnace that was not satisfactory, or which appellant did not understand, to let him know and he would correct it. Appellant used the furnace through the cold weather of January and February, and made no complaint to appellee as to the amount of heat furnished, or the working of the apparatus until the 7th day of March, and then after being requested to remit the contract price, he testified that it worked during those two months the same as it had ever since. Such circumstances, we think, warranted the conclusion of an acceptance.

We see no serious error of the court in sustaining objections to questions asked appellant. Some of them were improper for form. Others required answers amounting to an opinion as to what was the contract, and as to whether he had accepted the furnace. When all the conversations and correspondence between the parties negotiating, were put in evidence, it was for the jury to say what the contract was. When all the facts and circumstances occurring after the furnace was set up were put in evidence, it was for the jury to say whether there was an acceptance. The ruling of the court did not preclude the introduction of any fact material to the issue.

The instructions given for the plaintiff are not open to the criticism that they predicate an acceptance. They state the law correctly and there was evidence to warrant the giving of them.

We think the third instruction offered by the defendant, and refused, stated the law correctly and was applicable to the case; but inasmuch as the principles contained in it were substantially set forth in other instructions which were given, we do not feel that serious harm was occasioned appellant by its refusal. The fifth instruction offered by the

defendant and refused, was had because it did not tell the jury that notice from McBride that the furnace did not do the work and was not satisfactory, should be given within a reasonable time. In view of this instruction, the continued use of the furnace for any length of time, without complaint or objection, would not amount to an acceptance.

The judgment should be affirmed.